UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 10-311-KSF

DARLA J. WHITAKER                                                                                                 PLAINTIFF

v.                             **OPINION & ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security                                        DEFENDANT

\* \* \* \* \* \* \* \* \* \*

The plaintiff, Darla J. Whitaker, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her claim for period of disability and disability insurance benefits and Supplemental Security Income based on disability. The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I.       **FACTUAL AND PROCEDURAL BACKGROUND**

Whitaker filed her claim for period of disability and disability insurance benefits on August 18, 2008, alleging an onset date of October 25, 2007 [TR108]. After a hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on January 28, 2010 [TR 14]. Whitaker subsequently requested review by the Appeals Council. The Appeals Council denied Whitaker's request for review on October 29, 2010 [TR 1]. Whitaker has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

At the time the ALJ rendered his decision, Whitaker was 49 years old [TR 112]. She has attained a twelfth grade education [TR 134]. She has past relevant work experience as a fast food

worker [TR 18, 132, 162]. Whitaker claims that she is disabled due to neck and back pain, and carpal tunnel syndrome [TR 112, 130-35, 138-42, 146-58, 162-64].

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge ("ALJ") must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1) If the claimant is currently engaged in substantial gainful activity, she is not disabled.

(2) If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

(3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.

(4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.

(5) Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the ALJ reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is

work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

In this case, the ALJ first determined that Whitaker meets the insured status requirements of the Social Security Act through December 31, 2010 [TR 16]. Then, the ALJ began his analysis at step one by determining that Whitaker has not engaged in any substantial gainful activity since her alleged onset date of October 25, 2007 [TR 16]. At step two, the ALJ found that Whitaker suffers from coronary artery disease and chronic back pain; however the ALJ determined that these impairments, alone or in combination, do not significantly limit her ability to perform basic work-related activities for 12 consecutive months [TR 17]. Thus, the ALJ determined that Whitaker was not entitled to benefits under this application.

## II. GENERAL STANDARD OF REVIEW

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the

court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

### III.  ANALYSIS

On appeal, Whitaker argues that the ALJ's determination was not based on substantial evidence or decided by the proper legal standards. First, she claims that the ALJ did not properly consider the severity of her impairment or combination of impairments. Second, she claims that the ALJ did not properly consider her testimony regarding the effects of her medical impairments. Finally, Whitaker claims that the ALJ relied on opinions of consultative examiners that did not have access to pertinent medical evidence regarding her impairments.

A review of the administrative record reveals that the ALJ's decision was based on substantial evidence and was decided by the proper legal standards. Overall, the medical evidence demonstrates only sporadic conservative treatment. In June 2006, Dr. Raymond Santucci conducted a consultative examination of Whitaker. Her chief complaint was back pain. After his examination, he opined that she could perform activities commensurate with her age, including a marked amount of sitting, ambulating, standing, bending, kneeling, pushing, pulling, lifting and carrying heavy objects [TR 171]. Then, she was treated by a chiropractor in December 2006 for pain in her neck and low back [TR 174-181]. An X-ray revealed "disc thinning at L5-S1" and "cervical thinning at C5-7" [TR 174].

A consultative examination by Dr. Martin Fritzhand on January 24, 2008 resulted in a diagnosis of "chronic pain syndrome," but concluded with an opinion that Whitaker could perform activities commensurate with her age. On September 10, 2009, Whitaker reported to the emergency

4

room with complaints of chest pain. She ultimately underwent coronary bypass graft and was discharged on September 15, 2009 [TR 244-45, 255-63]. There is no indication that any doctors imposed restrictions based on this condition.

The record fails to contain any opinions from an examining or treating physician indicating that Whitaker is disabled or that she has any limitations. The medical record as a whole fails to show evidence of medical treatment consistent with any disabling condition. Both consultative examiners concluded that Whitaker is able to perform activities commensurate with her age.

Additionally, the ALJ properly rejected Whitaker's subjective complaints as inconsistent with the medical record. Substantial evidence supports this finding as the medical record simply does not support her allegations of disabling pain. To the extent that Whitaker argues that the consultative examiners did not have access to her medical records related to her coronary artery disease, the Court notes that the burden of proving disability rests with Whitaker. *See* 20 C.F.R. §§ 404.1512, 416.923 (2010). She has failed to come forward with anything other than her subjective complaints. Without (1) objective medical evidence of a condition causing the pain or other symptoms and (2) evidence that the condition is one reasonably expected to cause pain or other symptoms of disabling severity, 20 C.F.R. § 404.1529(a), (b), § 416.929 (a), (b) (2010), Whitaker cannot satisfy her burden. The lack of medical evidence and the reports from the consultative examiners amount to substantial evidence in support of the ALJ's decision.

For these reasons, Whitaker has failed to meet her burden of proving that her condition caused disabling limitations. The record contains substantial evidence in support of the ALJ's assessment of Whitaker's ability to work and his finding that her allegations were not totally

credible. Upon review, the Court finds that substantial evidence supports the ALJ's findings and his conclusion that Whitaker is not disabled.

**IV.     CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)   the plaintiff's motion for summary judgment [DE #10] is **DENIED**;

(2)   the Commissioner's motion for summary judgment [DE #11] is **GRANTED;**

(3)   the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

(4)   a judgment consistent with this Opinion & Order will be entered contemporaneously.

This April 27, 2011.

Signed By:
*Karl S. Forester*   KSF
**United States Senior Judge**